SLIP OPINION



Cite as 2016 Ark. App. 580

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-479

| | |
|---|---|
| | **Opinion Delivered** November 30, 2016 |
| SAMUEL A. ROSSE III<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. 16JCV-15-604] |
| CITY OF JONESBORO<br>APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | REVERSED AND REMANDED |

## WAYMOND M. BROWN, Judge

The City of Jonesboro sought to condemn property owned by Rosse located at 700 Cate. The city council found the property to be "unsuited for human habitation" and issued a resolution to condemn the property. The mayor signed the resolution for condemnation on August 25, 2015. Appellant filed a timely notice of appeal to the circuit court on September 22, 2015. Appellee filed a motion to dismiss on February 9, 2016, contending that the appeal should be dismissed because more than 120 days had passed and appellant had failed to file a copy of the district court complaint. The court entered an order dismissing appellant's appeal with prejudice on February 16, 2016. Appellant appeals, contending that the circuit court's dismissal of his appeal was in error. We agree and reverse and remand.

Arkansas Code Annotated section 14-56-425 states,

(a)(1) Appeals from the final administrative or quasi-judicial decision by the municipal body administering this subchapter shall be taken to the circuit court of the appropriate county using the same procedures as for administrative appeals of the District Court Rules of the Supreme Court.

(2) The final administrative or quasi-judicial decision shall be tried de novo with the right to a trial by jury.

Arkansas District Court Rule 9(f) provides that

(1) If an applicable statute provides a method for filing an appeal from a final decision of any governmental body or agency and a method for preparing the record on appeal, then the statutory procedures shall apply.

(2) If no statute addresses how a party may take such an appeal or how the record shall be prepared, then the following procedures apply:

(A) *Notice of Appeal.* A party may appeal any final administrative decision by filing a notice of appeal with the clerk fo the circuit court having jurisdiction in the matter within thirty (30) days from the date of that decision. The notice of appeal shall describe the final administrative decision being appealed and specify the date of that decision. The date of the decision shall be either the date of the vote, if any, or the date that a written record of the vote is made. The party shall serve the notice of appeal on all other parties, including the governmental body or agency, by serving any person described in Arkansas Rule of Civil Procedure 4(d)(7), by any form oF mail that requires a return receipt.

(B) *The Record on Appeal.* Within thirty (30) days after filing its notice of appeal, the party shall file certified copies of all the materials the party has or can obtain that document the administrative proceeding. Within thirty (30) days after these materials are filed, any opposing party may supplement the record with certified copies of any additional documents that it believes are necessary to complete the administrative record on appeal. At any time during the appeal, any party may supplement the record with a certified copy of any document from the administrative proceeding that is not in the record but the party believes the circuit court needs to resolve the appeal.

Our supreme court decided the issue of the applicability of section 14–56–425 to city

council resolutions in *Ingram v. City of Pine Bluff*.[1]  In *Ingram*, the court held that Rule 9

---

[1]355 Ark. 129, 133 S.W.3d 382 (2003).

SLIP OPINION

applied to city council and planning commission resolutions via section 14-56-425.[2]    The

court also stated that the filing requirements of Rule 9 were mandatory and jurisdictional and

that the failure to comply prevents the circuit court from acquiring subject-matter

jurisdiction.[3]

Here, appellant timely filed a notice of appeal within thirty days of the city council's

resolution.  He also filed a timely copy of the city council's resolution being appealed.

Therefore, he satisfied the record requirement under Rule 9.  Thus, the trial court erred in

dismissing the appeal due to appellant's failure to file a complaint, as he was under no

obligation to do so.  However, this does not conclude our inquiry.  Appellee contends on

appeal that appellant's appeal was properly dismissed because he failed to serve appellee with

his notice of appeal by any form of mail that required a return receipt.  The record before us

is silent as it relates to the service issue.[4]  Therefore, we reverse and remand for the trial court

to make factual findings whether appellant complied with the service requirement.

Reversed and remanded.

ABRAMSON and VAUGHT, JJ., agree.

*Charles D. Hancock*, for appellant.

*Jessica R.L. Coleman*, for appellee.

---

[2]*Id.*

[3]*Id.*

[4]We note that appellee did  not present the trial court with this issue; however, since Rule 9 is jurisdictional, the issue has not been waived.  Subject-matter jurisdiction is always open for review, cannot be waived, can be questioned for the first time on appeal, and can even be raised by the appellate court. *Duffy v. Little*, 2011 Ark. 160.